IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**SCOTT SMOLIAK,**

    Plaintiff,

vs.                                            CASE NO. 5:04CV245-SPM/AK

**GREYHOUND LINES, INC.,**
et al,

    Defendants.

_____/

## O R D E R

Presently before the Court in the above entitled action are the following motions: (1) Expedited Motion to Quash Subpoena for Videotaped Deposition Duces Tecum (doc. 43); (2) Plaintiff's Motion for Protective Order (doc. 46); and Plaintiff's Motion for Extension of Time to Complete Discovery. (Doc. 37).

### Deposition of Jeff Burlew

Plaintiff is asserting a negligence claim against the bus lines and its driver for an accident on December 4, 2000, which allegedly caused injuries, disability, disfigurement, mental anguish, loss of present and future earnings, and loss of enjoyment of life to Plaintiff. (Doc. 1). Plaintiff also testified at his deposition that the accident caused him severe pain that kept him in bed, unable to move some days, and forced him to drop out of pre-med classes. (Doc. 47, Exhibit B).

Jeff Burlew, a reporter with the Tallahassee Democrat, has been subpoenaed for deposition by Defendants. The Court canceled Burlew's deposition, scheduled for August 25, 2005, until Defendants could respond to the motion to quash. (Docs. 44 and 49). A response has now been filed (doc. 47), and the matter is ripe for decision. Mr. Burlew wrote an article about fans tailgating before FSU's first home game in 2002, which included the following quote:

> "If Florida State is half as good as we are drunk, we will win the national championship," reasoned Smoliak, a pre-med junior.

Defendants purport to depose Burlew about his interview of Smoliak, and Burlew objects on grounds that he is protected by the statutory privilege for journalists codified at Fla. Stat. §90.5015. This statute and applicable case law requires that a party seeking to bypass this privilege must show: (1) that the reporter possesses highly relevant information; (2) that the information cannot be obtained from alternative sources; and (3) there is a compelling interest for requiring the reporter to disclose the information. Green v. Office of the Sheriff's Office, 31 Med. L. Rptr. 1756 (M.D. Fla. 2002); McCarty v. Bankers Ins. Co.,195, F.R.D. 39 (N.D. Fla. 1998); and Miller v. Transamerican Press, Inc., 621 F.2d 721, 725 (5th Cir. 1980).

Defendants respond that the reporter's privilege does not apply to a reporter's personal observations of an event, and even if it does, there are compelling reasons for bypassing the privilege. Defendants argue that Plaintiff has claimed that the injuries resulting from the 2000 accident prevent him from enjoying life, causes him significant pain, and forced him to drop out of school. As such, Plaintiff's ability to attend the

**No. 5:04cv245-spm/ak**

football game, drink large quantities of alcohol, and his identification of himself as a pre-med student, is highly relevant to his damages claim; that they cannot obtain this information from other sources since Smoliak's companions on that date were admittedly drunk also; and there is a compelling interest in the jury being aware of this information. Defendants also contend that they will inquire of Burlew only his observations of Smoliak and not inquire into his sources, notes, or other evidence used in the drafting of the article. Defendants contend that the purpose of the journalists' privilege is to protect the freedom of the press, which is not furthered by preventing the inquiry they propose.[1]

The reporter's privilege in Florida was not codified until 1998, but was recognized prior to that time based on the Supreme Court's holding in Branzburg v. Hayes, 408 U.S. 665 (1972). In Branzburg a reporter was afforded First Amendment protection from testifying before a grand jury about information obtained from a confidential source and a balancing test discussed by Justice Powell in a concurring opinion was adopted in Florida in Morgan v. State, 337 So.2d 951 (Fla. 1976). In Morgan and a subsequent case, Tribune Co. v. Huffstetler, 489 So. 2d 722 ( Fla. 1986), the Florida Supreme Court found that a reporter's protection of confidential sources outweighed other interests, and in such cases a privilege was recognized and upheld to bar any testimony that might reveal such sources. Recognition of the privilege has been extended to include confidential and non-confidential information, State v. Davis, 720 So.2d 220, 222 (Fla. 1998), but has been expressly found inapplicable to bar testimony of eyewitness

---

[1] Defendants' request that the newspaper article written by Burlew be admitted should be raised in a separate motion in limine and will not be addressed in this Order.

**No. 5:04cv245-spm/ak**

observations by reporters on the job or other relevant evidence held by a reporter, such as a video tape of an event witnessed by the reporter.  See Miami Herald Publishing Co. v. Morejon, 561 So.2d 577, 580 (Fla. 1990) (eyewitness observations); CBS, Inc. v. Jackson, 578 So.2d 698 (Fla. 1991) (video tape).  The Florida Supreme Court held in Morejon "that there is no privilege, qualified, limited, or otherwise, which protects journalists from testifying as to their eyewitness observations of a relevant event in a subsequent court proceeding."  Unless the privilege applies to the circumstances of the case there is no need to balance interests.[2]  Davis, 720 So.2d at 226.

    The Court finds the cases cited by Defendants more persuasive and more applicable to the facts at hand since Defendants are not trying to ascertain confidential sources of information or otherwise "chill" the newsgathering process.  As the Court understands Defendants' position, they want to ask Burlew about the circumstances he observed and the demeanor of Plaintiff at the time of the interview to show his physical condition, his apparent ability to enjoy life two years after the accident, and information he provided about his status as a student.  This information is in no way confidential or highly sensitive, and none of the purposes for the privilege, as set forth by District Judge William Hoeveler in Johnson v. Miami, 6. Med. L. Rptr. 2110, 2111 (S.D. Fla. 1980) (cited in support of the motion to quash), would be furthered by preventing Burlew's

---

[2] A party seeking to overcome this privilege must make a clear and specific showing that:
    (a) the information is relevant and material to unresolved issues that have been raised in the proceeding for which the information is sought;
    (b) the information cannot be obtained from alternative sources; and
    (c) a compelling interest exists for requiring disclosure of the information.

Fla. Stat. §90.5015.

**No. 5:04cv245-spm/ak**

testimony. Thus, the Court finds that no privilege applies to this type of information, and Burlew should be required to testify at his deposition.

In addition, the Court finds that even if the privilege were to apply to the present circumstances, Defendants have by a clear and specific showing convinced the Court that the information is highly relevant and material to the unresolved issue of damages, that the alternative sources of information as to Plaintiff's demeanor at the time of this interview, particularly his friends with whom he had been drinking for hours, would not likely be reliable, and that there is a compelling interest in information regarding Plaintiff's condition and educational status. While there may be other avenues for obtaining information about Plaintiff's condition from medical sources and his academic status can certainly be gleaned from admissions records, personal observation of a spontaneous event can provide considerable insight beyond what medical or other records can provide. Defendants have made their case for this information, and Jeff Burlew shall make himself available for deposition.[3]

## Motion for Protective Order

Plaintiff moves for a protective order with regard to the scheduling of the deposition of Nate White for August 30, 2005, because counsel for the Plaintiff will be unavailable on that date. Defendants argue that the discovery period is set to expire, and they have heretofore been unable to schedule a convenient date for this deposition after four, now five, unsuccessful attempts to set it. Defendants also argue that if Karen

---

[3] It is suggested that Defendants redraft the subpoena duces tecum insofar as the documents requested in the subpoena served on July 27, 2005, appear to call for notes, etc., relating to the drafting of the article. Some re-wording may be in order.

**No. 5:04cv245-spm/ak**

Curran cannot be available for this one hour deposition then her partner, Gregg Wexler, should fill in for her since the discovery deadline is soon to expire. The Court agrees with Defendants that after several attempts to schedule this deposition, Plaintiff's counsel should have been more cooperative in scheduling it knowing that discovery was soon to close. Regardless, the trial has been rescheduled for November 7, 2005 (doc. 42), and the Court finds that sufficient time remains to grant Plaintiff's motion for discovery (doc. 37), so that the new deadline of September 30, 2005, should allow time for this deposition to be rescheduled. Both parties are reminded of their duty to confer in good faith in all discovery matters, and this principle should guide them in their efforts to coordinate the rescheduling of White's deposition and any other remaining discovery matters, including the deposition of Jeff Burlew.

Accordingly, it is

**ORDERED:**

1. The Expedited Motion to Quash Subpoena (doc. 43) is **DENIED**, and Defendants may re-issue a subpoena for the deposition of Jeff Burlew.

2. Plaintiff's Motion for Protective Order (doc. 46) is **GRANTED**, insofar as the deposition of Nate White for August 30, 2005, is cancelled. Plaintiff shall make Mr. White available for deposition as soon as practicable and shall work with counsel opposite in good faith to schedule this deposition at a convenient time for all parties, but no later than the discovery deadline, which is herein extended.

3. Plaintiff's motion for discovery (doc. 37) is **GRANTED**, and the discovery deadline is herein extended through September 30, 2005.

**No. 5:04cv245-spm/ak**

**DONE AND ORDERED** at Gainesville, Florida, this **9th** day of September, 2005.

        **s/ A. KORNBLUM**
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**