IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SCOTT SMOLIAK,

    Plaintiff,

vs.                                                CASE NO.: 5:04cv245-SPM/AK

GREYHOUND LINES, INC.,
a foreign corporation and
STEPHEN PECHAWER,

    Defendants.
_____/

**ORDER DENYING MOTIONS FOR SANCTIONS**
**FOR DISCOVERY ABUSE AND FRAUD**

Pending before the Court are Defendants' motions for sanctions (doc. 25) and to strike (doc. 28, 30, and 53). Defendants complain of difficulties in obtaining employment records from Plaintiff's employer, Procida Tile, and the refusal of the owner of Procida Tile, Brett Cormier, to appear for deposition. In addition, Defendants note discrepancies concerning when Plaintiff began working for Procida Tile, and conclude that Plaintiff and his employer are concealing information concerning Plaintiff's capacity in the business, Plaintiff's initial employment date, and Plaintiff's wages. Defendants also complain that Plaintiff has not cooperated in providing the address of his parents and in providing the name and address of his female friend. Defendants request that appropriate

sanctions be imposed against Plaintiff, including the striking of Plaintiff's claims for lost wages and loss of earning capacity.

With respect to the problems in obtaining records from Procida Tile and the deposition of Brett Cormier, sanctions will not be imposed against Plaintiff because Plaintiff does not control Procida Tile or Brett Cormier. As for the conflicting evidence concerning when Plaintiff began working for Procida Tile, there is not a sufficient basis to conclude that the conflict is the result of fraud. If, however, fraud is demonstrated as the facts of the case are developed, sanctions under Federal Rule of Civil Procedure 11 against Plaintiff, Plaintiff's attorney, or both, may be appropriate.

With respect to the address of Plaintiff's parents and the name and address of Plaintiff's female friend, Plaintiff is reminded of his obligation under Federal Rule of Civil Procedure 26 to disclose the names and addresses of individuals he may use to support his claims. Plaintiff is also obligated to provide information that is properly requested by Defendants through deposition, interrogatory, or request for production. <u>See</u> Fed. R. Civ. P. 30, 31, 33, and 34. Failure to provide information as required by the rules will result in the imposition of sanctions.

Instead of filing a generic motion for sanctions, however, Defendants should file a motion to compel, under Federal Rule of Civil Procedure 37, that identifies the nature of Plaintiff's discovery violation and includes any additional information that may be required under Northern District of Florida Local Rule

26.2.  At this point, it is unclear which rule, if any, Plaintiff has violated by failing to provide the information to Defendants.

The Federal Rules of Civil Procedure are sufficient to notify the parties of their right to obtain discovery and their obligation to provide discovery.  It would behoove the parties in this case to avoid the need for judicial intervention in these matters by, at a minimum, following the rules.  Cooperation beyond the rules in a spirit of good faith, both during the discovery process and trial, is expected.  Parties who insists on doing no more than the rules require should not expect leniency in the Court's enforcement of the rules as to their own conduct.

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1.  Defendants' motions for sanctions (doc. 25) and to strike (doc. 28) are denied.

2.  The motion for oral argument (doc. 32) is denied.

DONE AND ORDERED this 17th day of October, 2005.

_s/ Stephan P. Mickle_
Stephan P. Mickle
United States District Judge